IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED DEC 21 2010 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

BOARD OF TRUSTEES, )
SHEET METAL WORKERS' )
NATIONAL PENSION FUND, )
 )
           Plaintiff, ) Civil Action No. 1:10cv0978 (LO/JFA)
 )
v. )
 )
COASTAL RESTAURANT )
FABRICATION, INC., )
 )
           Defendant. )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (Docket no. 7). Plaintiff is the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("National Pension Fund") and it seeks a default judgment against defendant Coastal Restaurant Fabrication, Inc. ("Coastal"). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all parties.

### Procedural Background

On August 26, 2010, the National Pension Fund filed this action alleging that Coastal is obligated to pay the National Pension Fund an exit contribution of $86,933.54 and seeking an award for liquidated damages, interest, attorney's fees and costs. (Docket no. 1). A summons was issued on August 26, 2010 (Docket no. 2) and the summons and complaint were served on the registered agent for defendant Coastal by personal service on September 7, 2010. (Docket no. 4). In accordance with Fed. R. Civ. P. 12(a), a responsive pleading was due on September

28, 2010, which is 21 days after Coastal was served with the summons and complaint. On November 12, 2010 the National Pension Fund filed its request for entry of default (Docket no. 5) and the Clerk entered a default against Coastal pursuant to Fed. R. Civ. P. 55(a) on November 16, 2010 (Docket no. 6).

On December 7, 2010, the National Pension Fund filed a motion for default judgment (Docket no. 7), a memorandum in support (Docket no. 8), a declaration from Alex Dyer (Docket no. 9) ("Dyer Decl."), a declaration from Marc Rifkind (Docket no. 10) ("Rifkind Decl."), and a notice of hearing for December 17, 2010 at 10:00 a.m. (Docket no. 11). The motion for default judgment, supporting memorandum, declarations and notice were served on Coastal by first class mail on December 7, 2010. (Docket nos. 7-11). On December 17, 2010 counsel for the National Pension Fund appeared at the hearing on the motion for default judgment and no one appeared on behalf of the defendant.

## Factual Background

The following facts are established by the complaint (Docket no. 1) ("Compl."), the memorandum in support of the motion for default judgment (Docket no. 8) and the declarations filed in support of the motion for default judgment (Docket nos. 9, 10).

The National Pension Fund is comprised of individual trustees who are fiduciaries of a multi-employer employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. §§ 1002(37) and 1301(a)(3). (Compl. ¶¶ 3, 4). The National Pension Fund is administered in Alexandria, Virginia. (Compl. ¶ 6). Coastal has its principal place of business in Fontana, California and was an employer in an industry affecting commerce as defined by 29 U.S.C. §§ 1002(5), (11) and (12). (Compl. ¶¶ 7, 8).

The National Pension Fund brings this action under ERISA, as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), seeking a judgment awarding an exit contribution as a result of an employer's withdrawal from the Sheet Metal Workers' National Pension Fund. 29 U.S.C. §§ 1132 and 1145. (Compl. ¶ 1). Until the date of its withdrawal from the National Pension Fund on or about May 1, 2010, Coastal employed employees represented for the purposes of collective bargaining by Sheet Metal Workers' International Association Local Union No. 105 ("Local Union No. 105"). (Compl. ¶ 9). Coastal was a signatory to and bound by a Collective Bargaining Agreement ("Agreement") with Local Union No. 105 which required Coastal to make contributions to the National Pension Fund on behalf of its employees who were covered by the Agreement. (Compl. ¶ 10). The Agreement obligated Coastal to abide by the terms and conditions of the Agreement and Declaration of Trust establishing the National Pension Fund and to submit monthly reports and payments. (Compl. ¶ 11). The National Pension Fund determined that on or about May 1, 2010 Coastal effected a "complete withdrawal" from the National Pension Fund as defined in 29 U.S.C. § 1383. (Compl. ¶ 12).

The National Pension Fund calculated Coastal's exit contribution to be $86,933.54 under the terms of the Trust Agreement. (Compl. ¶ 13; Dyer Decl. ¶ 9-12, Ex. C). On or about June 14, 2010 Coastal received a notice and demand for payment of the exit contribution. (Compl. ¶ 14). This notice and demand informed Coastal that its exit contribution was $86,933.54 to be paid no later than the 20th of the month following the month in which the National Pension Fund made the exit contribution assessment. (Compl. ¶ 14). Coastal has failed to submit the required payment. (Compl. ¶ 15).

3

The National Pension Fund alleges that pursuant to 29 U.S.C. § 1132(g)(2) it is entitled to a judgment against Coastal awarding: (1) the full amount for the exit contribution; (2) liquidated damages; (3) interest; and (4) the reasonable attorney's fees and costs incurred in this action. (Compl. ¶ 16).

In the motion for default judgment, the National Pension Fund states that it is owed the amounts as detailed below.

| *Plaintiff* | *Exit Contribution* | *Liquidated Damages* | *Interest through 12/17/2010* |
|---|---|---|---|
| National Pension Fund | $86,933.54 | $17,386.71 | $3,090.02 |

| *Attorney's Fees* | *Costs* |
|---|---|
| $609.00 | $753.60 |

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment.

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation - other than one relating to the amount of damages - is admitted if a responsive pleading is required and the allegation is not denied."); *see also EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) ("Where a defendant is in default, as here, the facts set forth in the plaintiff's complaint are deemed admitted if the plaintiff's complaint sets forth a proper claim."). Rule 55(b)(2) provides that a court may conduct a

hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

The National Pension Fund alleges that this court has subject matter jurisdiction under Section 502 of ERISA, 29 U.S.C. § 1132. ERISA Section 502 provides that U.S. district courts have jurisdiction over civil actions brought under this title. This case is properly before the court under its federal question jurisdiction pursuant to 29 U.S.C. § 1132(e) since it is brought under ERISA for an alleged failure to make contributions in accordance with a collective bargaining agreement or multi-employer plan.

ERISA Section 502 states that an action under this title may be brought in the "district where the plan is administered" and "process may be served in any other district where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). The National Pension Fund states that it is administered in Alexandria, Virginia. (Compl. ¶ 6). On September 7, 2010 the summons and complaint were served on Esteban Garcia, the registered agent for Coastal. (Docket no. 4). Venue is proper in this court and this court has personal jurisdiction over Coastal since the National Pension Fund is administered within the Alexandria Division of the Eastern District of Virginia. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997) (personal jurisdiction in an ERISA action should be determined on the basis of the defendant's national contacts with the United States pursuant to the Due Process Clause of the Fifth Amendment and ERISA itself provides for nationwide service of process).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has personal jurisdiction over the defendant and that venue is proper in this court.

### Grounds for Entry of Default

The complaint was served in person on the registered agent of Coastal on September 7, 2010. (Docket no. 4). Under Fed. R. Civ. P. 12(a), a responsive pleading was due within twenty-one days after the complaint had been served on the defendant. After Coastal failed to file an answer or responsive pleading in a timely manner, the National Pension Fund requested an entry of default on November 12, 2010. (Docket no. 5). The Clerk of the Court entered a default on November 16, 2010. (Docket no. 6).

The undersigned magistrate judge recommends a finding that the Coastal was served properly, that it failed to file a responsive pleading in a timely manner and that the Clerk properly entered a default as to the defendant.

### Liability and Measure of Damages

According to Rule 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Because Coastal did not file a responsive pleading and is in default, it admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6).

As set forth in the complaint, Coastal effected a complete withdrawal pursuant to 29 U.S.C. § 1383 and is subject to an exit contribution in the total amount of $86,933.54. (Comp. ¶¶ 12, 13). After being given notice and a demand for payment of the exit contribution, Coastal has failed to pay the required amount to the National Pension Fund. (Compl. ¶¶ 14, 15). This court has held previously that a claim for an exit contribution under the terms of a Trust

Agreement may be brought under 29 U.S.C. §§ 1132(g)(2), 1145. *See Board of Trustees, Sheet Metal Workers' National Pension Fund v. DCI Signs & Awnings, Inc.*, 2008 U.S. Dist. Lexis 17115 (E.D. Va. 2008). The failure of an employer to make an exit contribution payment is to be treated in the same manner as a delinquent contribution under 29 U.S.C. § 1145. *Id.* Specifically, 29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --
>
>> (i) interest on the unpaid contributions, or
>>
>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

In support of its claim for damages, the National Pension Fund submitted a declaration from Alex Dyer (Docket no. 9) ("Dyer Decl."). In addition to the declaration from Mr. Dyer, the National Pension Fund submitted a declaration from Marc Rifkind detailing the attorney's fees and costs incurred in this action. (Docket no. 10) ("Rifkind Decl.").

The information contained in the declaration of Mr. Dyer submitted on behalf of the National Pension Fund establishes that Coastal owes the National Pension Fund an exit contribution in the amount of $86,933.54. (Dyer Decl. ¶ 9). As described in the declaration from Mr. Dyer, the exit contribution was calculated in accordance with Article V, Section 6(c) of the Trust Agreement as being equal to the contributions due for the thirty-six months prior to the triggering event. (Dyer Decl. ¶¶ 11, 12). Coastal was given notice of the amount due as an exit contribution and it has failed to pay that amount. (Dyer Decl. ¶¶ 13, 14, Ex. D). The declaration also establishes that the National Pension Fund is owed liquidated damages in the amount of $17,386.71 (calculated at 20% of the contributions that were not paid in a timely manner). (Dyer Decl. ¶ 15). Mr. Dyer calculated the interest due on the exit contribution using the rate provided in the Agreement of 0.0233% per day, compounded daily, from the date the payment was due through December 17, 2010 as $3,090.02. *Id.*

The declaration of Mr. Rifkind details the attorney's fees and costs incurred on behalf of the National Pension Fund in this matter. (Docket no. 10). The total amount of the attorney's fees incurred was $609.00 for 1.6 hours of attorney time and 1.6 hours of legal assistant time and the amount of costs was $753.60 for the filing fees, service fees, and courier fees. (Rifkind Decl. ¶¶ 5, 6, Ex. 1). The hourly rates charged for the attorney time ranged from $240.00 to $270.00 and the hourly rate for the legal assistant was $135.00. (Rifkind Decl. ¶ 5). The undersigned magistrate judge has reviewed the declaration of Mr. Rifkind and recommends that

the court find that the amount requested for attorney's fees and costs by the National Pension Fund is reasonable.[1]

For these reasons the undersigned magistrate judge recommends that a default judgment be entered in favor of the Board of Trustees, Sheet Metal Workers' National Pension Fund against the defendant Coastal Restaurant Restoration, Inc. in the amounts shown below, with interest accruing from the date of judgment until paid:

| | |
|---|---|
| Exit Contribution | $86,933.54 |
| Liquidated Damages | $17,386.71 |
| Accrued Interest | $3,090.02 |
| Attorney's Fees | $609.00 |
| Costs | $753.60 |
| ***Total*** | **$108,772.87** |

---

[1] The Rifkind declaration does not comply fully with the standards set forth in *Grissom v. The Mills Corp.*, 549 F.3d 313, 320-23 (4th Cir. 2008), *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990) for establishing a reasonable fee award. However, since the defendant has not contested the requested amount of fees in this case, the court will accept the allegations set forth by the National Pension Fund concerning the reasonableness of these fees as true. The total amount of the fees and costs requested are consistent with fees and costs incurred and awarded by this court in similar cases.

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to Coastal Restaurant Restoration, Inc., Esteban Garcia, Registered Agent, 8606 Beech Avenue, Fontana, California 92335-3219, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this 21st day of December, 2010.

/s/
John F. Anderson
United States Magistrate Judge

Alexandria, Virginia